Mr. Justice Thotteb.
stated the case and delivered the opinion of the court.
This case falls exactly within the rule laid down by the Chancellor in the case of Bumpass v. Platner, 1 John. Ch. Rep. 213, 218; and in that of Abbott v. Allen, 2 J. Ch. R. 519. A purchaser of land who is in possession, cannot have relief in chancery against his contract to pay, on the mero ground of a defect o f title, without a previous eviction. Such an eviction is an indispensable part of the plaintiff’s claim. It would be dangerous in principle, to arrest and bar the recovery of the debt, while the purchaser is still in possesion under his deed and there has been no judgment against him at law. It is true, that in cases where fraud and imposition are charged and proven upon the vendor, equity will set aside the conveyance, and restrain the collection of the money before eviction had or threatened; for fraud vitiates every contract. Fraud is charged in this case; but it is expressly denied by the answer, which explains the condition of the title, and avers that so far from any concealment on the part of the vendor, he fully explained to the vendee at the time of the purchase the circumstances of the outstanding legal title. This is not only a positive, but a circumstantial denial, of a fraudulent suppression of the truth by the vendor. Anderson was thus fully apprised of the fact that Lincoln had only an equitable title at the time of the salo, and therefore has no ground to complain. It is a universal rule, that a purchaser buying with full notice of the defect in the title, will not for that defect be relieved in equity. 3 A. K. Marshall, 288; 13 Sug. & Rawle, 386; 1 Fonb. 288 — in notes. The answer insists that the vendor has a good title, and that he can and will extinguish the outstanding naked legal claim of Gartley, It is evident that Anderson has full power to enforce his equitable title. We do not think that there was any necessity to retain the injunction, with a view to try the question of title.
The decree of the Chancellor must be affirmed, with costs to the appellee.